|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| COLLEGE OF DENTAL SURGEONS OF PUERTO RICO,<br><br>    Plaintiff,<br><br>    v.<br>TRIPLE S MANAGEMENT INC., et al.,<br><br>    Defendants. | Civil No. 09-1209 (JAF) |

**OPINION AND ORDER**

On February 11, 2009, Plaintiff, the College of Dental Surgeons of Puerto Rico, brought this action in Puerto Rico court, on its own behalf and on behalf of its members, against twenty-six Defendants[1] who are insurance companies, health services, and medical plan organizations that contract with dentists to provide services to clients in Puerto Rico. Docket No. 50-2. Plaintiff brought nine claims for violations of Puerto Rico law and sought damages and

---

[1] Defendants are Triple S Management, Inc. ("Triple S Management"), Triple S, Inc. ("Triple S"), Triple C, Inc. ("Triple C"), American Health, Inc. ("American Health"), Auxilio Platino, Inc. ("Auxilio Platino"), Connecticut General Life Insurance Co. ("CGLIC"), Cruz Azul de PR, Inc. ("Cruz Azul"), Delta Dental Plan of Puerto Rico, Inc. ("Delta Dental"), First Medical Health Plan of Puerto Rico ("First Medical"), International Medical Card, Inc. ("International Medical Card"), Humana Health Plans of Puerto Rico, Inc. ("Humana Health"), Humana Insurance of Puerto Rico, Inc. ("Humana Insurance"), Medical Card System, Inc. ("MCS"), MCS Health Management Options, Inc. ("MCS Health Management"), MCS Advantage, Inc. ("MCS Advantage"), Metropolitan Life Insurance Company ("MetLife"), Option Health Care Network, Inc., Preferred Health, Inc., Preferred Medicare Choice, Inc. ("Preferred Medicare Choice"), SDM Health Management, Inc., Mennonite General Hospital, Inc. ("MGH"), MAPFRE Life Insurance Company ("MAPFRE"), MMM Health Care, Inc. ("MMM"), Cooperativa de Seguros de Vida de Puerto Rico ("COSVI"), and Asociación de Compañias de Seguros de Puerto Rico, Inc. ("ACODESE").

declaratory and injunctive relief requiring Defendants not to continue to violate the law. Id.

On March 3, 2009, Defendants MetLife and CGLC ("the removing Defendants") removed to federal court based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and federal question jurisdiction under 28 U.S.C. § 1331. Docket No. 1. On March 27, 2009, we remanded to Puerto Rico court for failure to join all Defendants in the removal petition. Docket No. 35. On the same day, we then stayed the remand order and ordered all parties to brief the issue of whether we had jurisdiction. Docket No. 37.

On April 1, 2009, Plaintiff moved to remand. Docket No. 39. On April 13, 2009, the removing Defendants opposed. Docket No. 50. On the same day, Defendants MGH, MAPFRE, ACODESE, First Medical, International Medical Card, Humana Health, Humana Insurance, MCS, MCS Health Management, MCS Advantage, Triple S Management, Triple S, Triple C, American Health, Auxilio Platino, Cruz Azul, MMM, Preferred Medicare Choice, Delta Dental, and COSVI ("the opposing Defendants") all moved for remand. Docket Nos. 51, 52, 55, 56, 57, 58, 61, 62, 66, 68, 75. The opposing Defendants argued, inter alia, that this case is not a class action because Plaintiff did not sufficiently define the class. See, e.g., Docket No. 57.

A defendant may remove any civil action from state court to federal district court if the district court has original federal question or diversity jurisdiction over the claim. 28 U.S.C. § 1441;

Civil No. 09-1209 (JAF)                                                -3-

see 28 U.S.C. §§ 1331-32. If the district court discovers that it has no jurisdiction, it must remand the claim. 28 U.S.C. § 1447. If an action has multiple defendants, generally all defendants must consent to the removal petition. Lapides v. Bd. of Regents, 535 U.S. 613, 620 (2002) (citing Chi., Rock Island, & Pac. Ry. v. Martin, 178 U.S. 245 (1900)).

A defendant may remove pursuant to the federal court's original jurisdiction under CAFA, which provides for original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000, if any member of the plaintiff class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). If a defendant in a multi-defendant case removes to federal court based on CAFA, he need not obtain the consent of other the defendants. See id. Federal Rule of Civil Procedure 23 describes class actions, but is silent as to what constitutes a class. However, "the requirement that there be a class will not be deemed satisfied unless the class description is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." See 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1760, at 139-40 (3d ed. 2005); see also Crosby v. Social Sec. Admin., 796 F.2d 576, 580 (1st Cir. 1986) (citing Wright & Miller).

Here, because all Defendants do not consent to the removal, removal is appropriate only if the case meets the criteria for

Civil No. 09-1209 (JAF)                                                      -4-

jurisdiction under CAFA. However, the removing Defendants cannot establish that this is a class action, as Plaintiff never attempts to define a class in the complaint. See Fed. R. Civ. P. 23; Wright, Miller & Kane, Federal Practice and Procedure, supra, at 139-40. Plaintiff describes itself as "a legal entity . . . which by law mandatorily includes every professional who practices dental surgery in Puerto Rico, that is, every dentist." Docket No. 50-2. Plaintiff states that it also represents "the dentistry class in Puerto Rico." Id. However, Plaintiff never says exactly who it purports to represent as a part of the current lawsuit. See id. Because Plaintiff has not defined a class under Federal pleading requirements, this case is not a class action and, therefore, does not meet the jurisdictional requirement of CAFA. See 28 U.S.C. § 1332(d); Fed. R. Civ. P. 23; Wright, Miller & Kane, Federal Practice and Procedure, supra, at 139-40.

Consequently, we **GRANT** Plaintiff's motion to remand, Docket No. 39, and **REMAND** to the court of first instance.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 21st day of April, 2009.

                s/José Antonio Fusté
                JOSE ANTONIO FUSTE
                Chief U.S. District Judge