UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

COLLEGE OF DENTAL SURGEONS OF
PUERTO RICO, et al.,

    Plaintiffs,

v.

TRIPLE S MANAGEMENT, INC., et al.,

    Defendants.

Civil No. 09-1209 (JAF)

**OPINION AND ORDER**

Plaintiffs, the College of Dental Surgeons of Puerto Rico and ten of its members as class representatives, bring this class action under 28 U.S.C. § 1332(d), alleging injuries by Defendants, twenty-four insurers. (Docket No. 169.) Defendants move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Docket Nos. 196; 199; 200; 204; 244.)

**I.**

**Factual and Procedural Summary**

Plaintiffs assert five causes of action arising from Defendants' "common fraudulent scheme designed to systematically deny, delay and decrease payments to dentists" accomplished through contracts of adhesion, manipulation of billing codes, acts of intimidation and coercion, and unfair business practices. (Docket No. 169.) Plaintiffs seek $150 Million in damages and injunctive relief. (Id.) Utilizing the expanded grant of diversity jurisdiction created by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (codified in scattered sections of 28

Civil No. 09-1209 (JAF)                                                                                               -2-

U.S.C.), Defendants Metropolitan Life Insurance Co. and Connecticut General Life Insurance Co. removed this case from Puerto Rico's Court of First Instance. (Docket No. 1.)

Finding that the proposed class had not been sufficiently defined, we remanded the case. (Docket No. 84.) The First Circuit found this determination to be better suited for the class-certification stage and, therefore, returned the case to us. (Docket No. 95.) We then ordered limited discovery and briefing as to the applicability of the "Local Controversy" and "Home State" exceptions to CAFA jurisdiction, see 28 U.S.C. § 1332(d)(4). (Docket No. 101.) We denied motions to remand the case based upon these exceptions. (Docket No. 164.)

Plaintiffs filed an amended pleading, alleging violations of the following Puerto Rico laws: (1) the Act Against Organized Crime and Money Laundering ("OCML"), 25 L.P.R.A. §§ 971–971s (2008); (2) various provisions of the Insurance Code, 26 L.P.R.A. §§ 2701, 2702, 2707, 2708, 2710, 3001–3008 (2008); (3) the law creating the Health Insurance Administration, 24 L.P.R.A. §§ 7001–7054 (2002); (4) contract and tort provisions of Puerto Rico's Civil Code, 31 L.P.R.A. §§ 3018, 3019, 3372, 3373, 5121, 5122, 5141, 5142; (5) Law No. 77, June 25, 1964 ("Antitrust Act"), 10 L.P.R.A. §§ 257–276 (2004); and (6) the General Corporations Act, 14 L.P.R.A. §§ 2653, 2723, 2724, 2727 (2008).

Defendants Triple-S, Inc.; Triple-C, Inc.; American Health, Inc.; Cruz Azul de Puerto Rico, Inc.; MCS Advantage, Inc.; MCS Management Options, Inc.; Medical Card Systems, Inc. ("MCS"); Mennonite General Hospital, Inc.; MAPFRE Life Insurance Co.; Cooperativa de Seguros de Vida de Puerto Rico ("COSVI"); Auxilio Platino, Inc.; Asociación de Compañías

de Seguros de Puerto Rico, Inc. ("ACODESE"); and Delta Dental of Puerto Rico, Inc. (collectively, "Group I") jointly moved for judgment on the pleadings. (Docket No. 204.) Defendants Metropolitan Life Insurance Co. and Connecticut General Life Insurance Co. filed a separate joint motion for judgment on the pleadings. (Docket No. 196.) Defendants Humana Health Plans of Puerto Rico, Inc. and Humana Insurance of Puerto Rico, Inc. also moved for judgment on the pleadings. (Docket No. 200.) Defendants MMM Healthcare, Inc. and Preferred Medicare Choice, Inc. filed a separate motion for judgment on the pleadings. (Docket No. 244.) First Medical Health Plan of Puerto Rico ("First Medical"), International Medical Card, Inc. ("International Medical"), COSVI, and ACODESE filed motions supplementing Group I's motion for judgment on the pleadings. (Docket Nos. 199; 202; 203.)

Plaintiffs filed a general opposition to Defendants' motions for judgment on the pleadings. (Docket No. 236.) Plaintiffs also filed separate oppositions to the supplemental motions filed by COSVI, ACODESE, First Medical, and International Medical. (Docket Nos. 237–40.)

## II.

### **Standard for Judgment on the Pleadings**

A defendant may move to dismiss an action against him based on a defense asserted in his answer. Fed. R. Civ. P. 12(c). The standard of review for a judgment on the pleadings is no different from the standard of review for a motion under Federal Rule of Civil Procedure 12(b)(6). Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007). In assessing this motion,

we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

"[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). In considering a complaint's adequacy, we disregard "statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (internal quotation marks omitted). We then take as true what remains, "[n]onconclusory factual allegations . . . even if seemingly incredible." Id. On the basis of those properly pled facts, we assess the "reasonableness of the inference of liability that the plaintiff is asking the court to draw." Id. at 13.

### III.

### Analysis

We first address the arguments for judgment on the pleadings that are common to all Defendants. We next address arguments unique to an individual party.

**A. Common Arguments**

**1. OCML**

Plaintiffs claim that Defendants conducted, engaged in or participated in a pattern of organized criminal activity to illegally appropriate Plaintiffs' money in violation of 25 L.P.R.A. §971b(d). Plaintiffs claim this was achieved by "implement[ing] a system that allows [Defendants] to manipulate and control the reimbursements to which [Plaintiffs] are entitled and

Civil No. 09-1209 (JAF)                                                                                          -5-

hide the form and manner in which they carry this out." (Docket No. 169 at 26.) Plaintiffs include allegations that Defendants refuse to pay claims for services rendered, bundle and downcode claims, and collude to maintain rates at a certain level. (Id. at 26–27.)

The OCML defines "organized criminal activity" as "[a]ny act or threat related to murder, kidnapping, gambling, prostitution laws, arson, illegal appropriation, robbery, obscenity, bribery, extortion, or the sale, possession and traffic of controlled substances or weapons" that is criminalized by Puerto Rico or the United States. 25 L.P.R.A. § 971a(b). Puerto Rico's penal code defines "illegal appropriation" as the illegal taking, without violence or intimidation, of property belonging to another. 33 L.P.R.A. § 4820 (2010). The Supreme Court of Puerto Rico has emphasized that an illegal appropriation has not occurred unless a defendant has actually transferred another's personal property into his possession. People v. Urial-Alvarez, 112 P.R. Office. Trans. 391, 399 n.3 (1982) ("Without a transfer of personal property there is no crime."). While the Urial-Alvarez decision predates a major overhaul of the penal code in 2004, the substantive definition of illegal appropriation remains the same. Compare Penal Code of 1974, art. 165, with 33 L.P.R.A. § 4820.

In opposition to Defendants' motions, Plaintiffs argue that the OCML claim is not based on fraud as the underlying criminal activity. (See Docket No. 236 at 13–18.) Of the remaining criminal activities enumerated in § 971a(b), the only crime which might apply to the facts alleged is "illegal appropriation." (See Docket No. 169 at 26 ("In order to illegally appropriate money from the dentists, the defendants have engaged in numerous unlawful acts . . . .").) Yet,

Plaintiffs have not alleged that Defendants took possession any money belonging to Plaintiffs. Rather, Plaintiffs allege that Defendants failed to properly reimburse them for services rendered. We find no support for the proposition that Plaintiffs' expectation of reimbursement for their services is personal property for purposes of Puerto Rico's penal code. See 33 L.P.R.A. § 4642(g) (defining personal property as including "money, goods, livestock, equipment, devices, information and communication systems, services, motor vehicles"). While the facts alleged might support a claim that Defendants owe a debt to Plaintiffs from a breach of contract, there is no allegation that Defendants ever transferred money from Plaintiffs' possession into their own.

### 2. Insurance Code

Plaintiffs allege that Defendants' conduct violated provisions of Puerto Rico's Insurance Code prohibiting unfair and deceptive business practices, defamation as to an insurer's financial condition, discrimination among the insured, the use of rebates or discounts to incentivize the purchase of insurance, and delayed payments to health services providers. (Docket No. 169 at 28–29 (citing 26 L.P.R.A. §§ 2702, 2707, 2708, 2710, 3001–3008).)

Defendants argue that these claims should be dismissed because the Insurance Code does not provide a private right of action. We agree. Plaintiffs have not pointed to a provision in the Insurance Code that could be construed as creating a private right of action. Instead, Plaintiffs argue that their claim is for judicial review of the Insurance Agency's failure to resolve their claims and that, because the Agency's Commissioner has failed to act on their claims, they may

bypass the required exhaustion of administrative remedies. (Docket No. 236 at 18–19.) In the alternative, Plaintiffs contend that Article 12 of the Civil Code, 31 L.P.R.A. § 12, creates a private right of action in the Insurance Code. (Id. at 18–20.)

Plaintiffs are correct in stating that there are circumstances in which the exhaustion of administrative remedies may be waived. See 3 L.P.R.A. § 2173 (stating that petitioner is exempt from exhausting administrative remedies where, inter alia, "it is useless to exhaust administrative remedies due to an excessive delay in the procedures"). This provision does not create a private right of action but instead allows a party to proceed directly to judicial review of an agency's action or inaction. See generally Guadalupe v. Saldaña, 133 P.R. Dec. 42, 49–50 (1993) (discussing the availability of judicial review of agency action). Such an action for judicial review of the decision of a Commonwealth agency, however, lies outside the jurisdiction of this court as granted by § 1332. See U.S.I. Props. Corp. v. M.D. Constr. Co., 230 F.3d 489, 499–500 (1st Cir. 2000) (holding that neither Puerto Rico nor its alter egos are subject to the diversity jurisdiction of federal courts).

Article 12 of the Civil Code states, "In matters which are the subject of special laws, any deficiency in such laws shall be supplied by provisions of this title." 31 L.P.R.A. § 12. Plaintiffs argue that the lack of a private right of action in the Insurance Code is a "deficiency" which should be supplemented by the Civil Code's tort action, 31 L.P.R.A. § 5141. (Docket No. 236 at 19.) This argument fails for two reasons. First, a statute's lack of a private right of action is not a deficiency where the legislature has instead provided for the resolution of

Civil No. 09-1209 (JAF) -8-

disputes through an administrative process. See, e.g., Montañez-López v. U.P.R., 156 P.R. Dec. 395, 422 (2002) (noting in an analysis under § 12 that, where the text of a statute contains no exceptions to its terms, it is presumed that the intent of the legislature was for no such exceptions to exist). To hold otherwise would be to confuse the aim of an administrative regime with a deficiency. See Margriz Rodríguez v. Empresas Nativas, Inc., 143 P.R. Dec. 63, 69–70 (1997) (stating that a purpose of Puerto Rico's Uniform Administrative Procedure law was to create an economical, agile, and practical adjudicative system for lay people while preserving due process rights). Second, Plaintiffs have not cited, and we are unable to find, a single case in which this provision of the Civil Code was used to create a private right of action.

### 3. Health Insurance Code

Plaintiffs argue that Defendants' actions have violated provisions of the Health Insurance Code guaranteeing free choice of service providers, 24 L.P.R.A. § 7036b. As with their claims under the Insurance Code, Plaintiffs cannot sustain this claim because the Health Insurance Code lacks a private cause of action. Instead, it provides for an administrative complaint procedure with judicial review. § 7036. As there is no private right of action under the Health Insurance Code, and as we cannot review a commonwealth agency's decision when acting under diversity jurisdiction, see U.S.I. Props. Corp., 230 F.3d at 499-500, Plaintiffs' claim fails.

### 4. Contract and Tort Claims

Plaintiffs allege fraud, 31 L.P.R.A. §§ 3018, 3019; challenges to contract formation, §§ 3372, 3373; breach of contract, §§ 2994, 3018; acceptance of payment in bad faith, §§ 5121,

5122; and tort liability, §§ 5141, 5142. Defendants argue that these claims do not meet the minimum pleading standards of Federal Rule of Civil Procedure 8(a).

In order to properly plead a claim of fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). A plaintiff must specify the false statement, the person who made the false statement, and the factual basis for inferring intent. N. Am. Catholic Educ. Programming Fund, Inc. v. Cardinale, 567 F.3d 8, 13 (1st Cir. 2010). In this case, Plaintiffs have made only general allegations against Defendants collectively and have failed to specify a false statement made, the person making them on behalf of the Defendant corporations, and specific facts from which we could infer an intent to defraud.

Plaintiffs claim that Defendants' conduct has violated two provisions of the Civil Code that pertain to contract formation: § 3372, which provides that a contract may contain any terms that are not contrary to law, morals or public order; and § 3373, which states "the validity and fulfillment of contracts cannot be left to the will of one of the contracting parties." (Docket No. 169 at 30–31.) Plaintiffs allege that Defendants require them to sign contracts to provide services in Defendants' private insurance networks as a predicate to providing services in the government-administered health care program. (Docket No. 169 at 17–18.) This extremely weak argument could be taken to mean that Defendants' actions, if true, could plausibly violate a citizen's right to select a primary physician of his choosing under 24 L.P.R.A. § 7063b(4),

something we doubt has any merit, even though it barely passes muster under a motion for judgment on the pleadings.

Plaintiffs also allege that provisions of their contracts leave validity and fulfillment of the contracts to the will of Defendants. Plaintiffs claim Defendants have imposed adhesion contracts upon them and "unilateral amendments" to their contracts. Adhesion contracts are binding under Puerto Rico law, so long as the wording of the contract is explicit and its language is clear. Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 19 (1st Cir. 2009). We find no support for the proposition that an adhesion contract would violate § 3373. As for the "unilateral amendments," Plaintiffs have not provided any details as to what these amendments are and how they violated § 3373.

Defendants have other arguments to challenge the sufficiency of Plaintiffs' breach-of-contract claims. Plaintiffs claim that they entered into contracts with Defendants to provide dental services to Defendants' customers. They further claim that Defendants either refused to make payments or delayed payments in breach of those contracts. Given these allegations of nonpayment or delayed payments, they may be taken as a sufficiently-pleaded breach-of-contract claim.

Regarding Section 5121 of the Civil Code, Plaintiffs claim, citing Code language, that "[i]f a thing is received when there was no right to claim it and which, through an error, has been unduly delivered, there arises an obligation to restore the same." Plaintiffs' complaint does not allege a thing received by Defendants to which they had no right, or an error that

caused such a thing to be delivered. Aside from citing the statute, Plaintiffs have not given notice of a claim, much less a plausible claim. Section 5122 requires the payment of interest where a party has accepted a payment not due to them and has done so in bad faith. There is no allegation that Defendants accepted payments or things not due to them. Thus, there are no allegations to support the plausibility of a claim under § 5122. Therefore, we see no valid contract claim under 31 L.P.R.A. § 5121.

Plaintiffs' tort claims also fail. Aside from there being no allegations of how each representative Plaintiff was injured by a Defendant, these tort claims also fail because they appear to be based in violations of a contractual relationship between the parties. Fault or negligence under § 5141 must exist independent of a prior obligation or contract. Arroyo v. Caldas, 68 P.R.R. 639 (1948). If damage suffered exclusively arises from consequences of the breach of contract, there is no separate cause of action available for negligence under § 5141. Isla Nena Air Servs. v. Cessna Aircraft Co., 449 F.3d 85, 90–91 (1st Cir. 2006).

In summary, we find that Plaintiffs' tenuous claims for breach of contract and contract contrary to law were sufficiently pleaded. All other claims under the Civil Code fail.

### 5. Antitrust Act

Plaintiffs claim that Defendants have violated the Antitrust Act by acting in concert to fix rates paid to health care providers. As Plaintiffs note in their pleading, however, the Antitrust Act does not apply to insurance companies. (Docket No. 169 at 31.) Section 19 of the Antitrust Act states:

> The legal regulation of public utilities, insurance companies and any other enterprises or entities subject to special regulation by the Government of the Commonwealth of Puerto Rico . . . shall not be affected by this Act, except as to such acts or contracts which are not subject to regulation by the public body governing the activities of the enterprise.

Law No. 77, June 25, 1964, § 19.

Plaintiffs argue, without citing any authority, that this provision bars suit against insurance companies only if there is "effective and adequate oversight [of the insurance companies] by the State." (Docket Nos. 169 at 31; 236 at 29.) Plaintiffs then claim that because their complaints before the Insurance Commissioner have yet to be resolved, the Insurance Code regulations are "inoperable." Given the lack of authority backing these arguments, the plain language of the Antitrust Act, and Plaintiffs' failure to argue that their contracts with Defendants are not subject to regulation by the Insurance Commissioner, Plaintiffs' arguments necessarily fail.

Plaintiffs have argued that Defendant ACODESE is not an insurer and not subject to the regulations of the Insurance Agency. (Docket Nos. 236 at 34; 237.) ACODESE is a corporation representing seven Puerto Rican insurance companies and whose goal is to "promote, protect, and develop the insurance industry's economic wellbeing." (Docket No. 169 at 15.) The fact that ACODESE is not in the business of contracting for insurance does not mean that it falls outside the regulatory authority of the Insurance Commissioner. For example, the Insurance Code states that "no person shall engage in Puerto Rico in any act or practice

which is prohibited in this chapter, or which is defined therein as, or determined pursuant thereto to be, an unfair method of competition or deceptive act or practice in the business of insurance." 26 L.P.R.A. § 2703 (emphasis added). The Insurance Code defines "person" to include corporations. § 104. By a plain reading of this statute, a corporation that was not an insurer but that participated in unfair competition in the insurance industry would be subject to the rules and penalties of the Insurance Code. In the same vein, it would contradict the spirit of § 19 if we were to block an antitrust suit against the insurers directly, yet allow it to proceed against an organization whose only members were the insurers themselves and that somehow facilitated the allegedly-anticompetitive behavior.

### 6.  General Corporations Act

Plaintiffs allege that Defendants violated four provisions of the General Corporations Act, 14 L.P.R.A. §§ 2653, 2723, 2724, 2727.[1] (Docket No. 169 at 34–35.) Defendants argue that Plaintiffs have failed to sufficiently plead a cause of action against shareholders, officers, or directors of any of the Defendant corporations. (See, e.g., Docket No. 253 at 15.)

The General Corporations Act allows only three types of suits by private parties: (1) an action by a corporation's creditors against officers, directors, or shareholders who are liable for the corporation's debts pursuant to a final judgment, § 3129; (2) an action by an officer against

---

[1] After the filing of this suit, these provisions were superseded by the General Corporations Act of 2009, codified at 14 L.P.R.A. §§ 3523, 3563, 3564, 3567 (2011). Plaintiffs' amended complaint cites to both the previous and current provisions, and we note that the recodification did not change the substance of these particular provisions.

a corporation for payment of a debt, § 3130; and (3) a derivative action brought by a shareholder against a third party for the benefit of the corporation, § 3131.

As Plaintiffs are not creditors collecting on a final judgment or officers suing for payment of a debt, the only cause of action open to them is the derivative suit. Plaintiffs have failed, however, to sufficiently plead this claim. The complaint is devoid of any reference to an officer, director, shareholder or third party who has injured the Defendant corporations and against whom they would bring a derivative suit on a Defendant's behalf. Furthermore, we note that the complaint fails to allege that the representative Plaintiffs hold shares in any of the Defendant corporations, with the exception of the claim that the College of Dental Surgeons is a shareholder in Defendant Triple-S.

**B.    Individual Claims**

   **1.    MetLife and CGLIC**

Defendants MetLife and CGLIC argue that Plaintiffs are judicially estopped from bringing contract claims against them following a response to interrogatory in which Plaintiffs stated they were not bringing these claims against MetLife and CGLIC. (Docket Nos. 196; 242.) At least two conditions must be present for the doctrine of judicial estoppel to apply: (1) the estopping position and the estopped position must be mutually exclusive; and (2) the party must have persuaded the court to accept its prior inconsistent position. Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 33 (1st Cir. 2004). For the purposes of judicial estoppel, "acceptance" is present where the court has "adopted or relied on the represented

position either in a preliminary matter or as part of a final disposition . . . . The showing of judicial acceptance must be a strong one." Perry v. Blum, 629 F.3d 1, 11 (1st Cir. 2010) (internal citations omitted).  The second condition is not present here, as we had not yet made a decision relying on Plaintiffs' assertion that contract claims were not being brought against MetLife and CGLIC.  Because there has been no showing of acceptance, Plaintiffs are not estopped from pursuing their contract claims against MetLife and CGLIC.

      **2.**    **ACODESE**

Defendant ACODESE argues that since it is not an insurance company, it does not enter into health care provider contracts with Plaintiffs. (Docket No. 203.) Plaintiffs agree. (Docket No. 237.) Therefore, Plaintiffs cannot pursue the surviving contract claims against ACODESE and the complaint, in its entirety, shall be dismissed as to ACODESE.

      **3.**    **COSVI**

Defendant COSVI argues that it sold its health services business to Defendant MCS in 2009 and so is no longer in a contractual relationship with any Plaintiffs.  (Docket No. 202.) The complaint states that COSVI was bought by several insurers and refers to COSVI in the past tense.  (Docket No. 169 at 14.)  As such, COSVI argues that claims for equitable relief should be dismissed for lack of standing.  Because COSVI no longer exists as an insurer, we agree that Plaintiffs' claims for injunctive relief against it have become moot. See Steir v. Girl Scouts of the USA, 383 F.3d 7, 16 (1st Cir. 2004) (holding that a party must demonstrate the prospect of future harm in order to maintain standing for equitable relief).

### 4. **Humana**

Defendant Humana alleges that three of the representative Plaintiffs, Dr. Noel Aymat, Dr. Ángel Robles, and Dr. Pedro Cheverez, are bound by arbitration clauses in their contracts. (Docket No. 195.) Plaintiffs insist that they need not arbitrate these claims, citing a recent Supreme Court case holding that, under the Federal Arbitration Act, 9 U.S.C. §§ 1–16, "a party may not be compelled . . . to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758, 1775 (2010) (emphasis in original). The Stolt-Nielsen case, however, was limited to the question of whether parties could be compelled by an arbitrator to enter into class-arbitration as opposed to single arbitration. In this case, we find that the arbitration clause is valid and requires arbitration for all claims arising out of the dental services provider agreement. See InterGen N.V. v. Grina, 344 F.3d 134, 142 (1st Cir. 2003) (holding a party moving to compel arbitration must show that the other party is bound by the arbitration clause at issue). For this reason, we find these three Plaintiffs must arbitrate their claims against Defendant Humana.

## IV.

## Conclusion

For the foregoing reasons, we hereby **GRANT in part** and **DENY in part** Defendants' motions to dismiss (Docket Nos. 196; 199; 200; 202; 203; 204; 244.) All claims but contract claims under the Puerto Rico Civil Code as outlined here are **DISMISSED**. We **GRANT**

Defendant Humana's motion to compel arbitration and stay the claims of Plaintiffs Aymat, Robles, and Cheverez. (Docket No. 194.) The initial motion to dismiss of Defendants MMM Healthcare, Inc. and Preferred Medicare Choice, Inc (Docket No. 197) was superseded by their amended motion and is now dismissed as moot. The Complaint against ACODESE is dismissed.

As this case now stands, we have basically what appears to be a single cause of action surviving, that is, a purely tenuous contract claim. By its very terms, this contract claim appears to be dentist-specific as it relates to remaining Defendants, and only boils down to potential money due and owing. That being the case, we wonder whether this case's jurisdiction is well-grounded on 28 U.S.C. § 1332(d), where, in addition to class certification issues, an amount in controversy of $5 Million must be pleaded and met. Just mentioning $15 Million in the Complaint is not enough.

The parties will brief the issue of jurisdiction under 28 U.S.C. § 1332(d) simultaneously by **September 12, 2011**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 31st day of August, 2011.

                                              s/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              U.S. District Judge