UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

COLLEGE OF DENTAL SURGEONS OF
PUERTO RICO, et al.,

Plaintiffs,

v.

TRIPLE S MANAGEMENT, et al.,

Defendants.

Civil No. 09-1209 (JAF)

**O R D E R**

Pending before this court is a motion requesting relief filed by Plaintiffs, the College of Dental Surgeons of Puerto Rico and ten of its members as class representatives. (Docket No. 288.) Plaintiffs move for relief from our Opinion and Order of August 31, 2011 (Docket No. 278). In that Order, we dismissed all of Plaintiffs' claims except for their contract claims under Puerto Rico law. (Id. at 16–17.) We also compelled co-plaintiffs Dr. Noel Aymat, Dr. Angel Robles, and Dr. Pedro Chéverez to submit their claims against codefendant Humana to arbitration. (Id. at 16.) A fuller summary of the facts and our analysis may be found in our earlier Opinion and Order. (Id.) Codefendants oppose Plaintiffs' motion,

Civil No. 09-1209 (JAF)                                                                                                    -2-

(Docket Nos. 299; 307; 313; 314), and Plaintiffs reply (Docket Nos. 307–1; 342).[1] After careful review of the parties' arguments, we deny Plaintiffs' motion for relief.

Plaintiffs' motion fails to cite any rule or law under which they seek relief. (Docket No. 288.) Codefendants CGLIC and MetLife construe Plaintiffs' motion as one brought under Federal Rule of Civil Procedure 59(e), while Humana construes it as one brought under Rule 60(b)(6). (Docket No. 307 at 1–2; 313 at 5.) The language of Plaintiffs' motion, requesting "relief from order," tracks the language of Federal Rule 60(b). See Fed. R. Civ. P. 60(b) (entitled "Relief from a Judgment or Order"). Plaintiffs' reply contends that the motion complies with the requirements of Rule 60(b)(6), without mentioning Rule 59(e) at all. (Docket No. 342 at 3.) In a spirit of caution, therefore, we consider Plaintiffs' motion under both Rules, and find that it fails according to either.

First, a party seeking relief under Federal Rule 60(b)(6) must demonstrate "exceptional circumstances justifying extraordinary relief" for relief to be granted. In re La Fata, 483 F.3d 13, 24 (1st Cir. 2007) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir. 1997)). Plaintiffs do not even state what "exceptional circumstances" they believe

---

[1] Separate opposition briefs were filed by codefendants MMM Healthcare, Inc. and Preferred Medicare Choice, Inc. (Docket No. 299); Connecticut General Life Insurance Company ("CGLI") and Metropolitan Life Insurance Company ("MetLife") (Docket No. 307); and Humana (Docket No. 313). Codefendants Triple-S, Inc., Triple-C, Inc., and Triple-S Management, Inc. (collectively "Triple-S"); American Health, Inc.; Cruz Azul de PR, Inc.; MCS Advantage, Inc.; MCS Management Options, Inc.; Medical Card Systems Inc.; Mennonite General Hospital, Inc.; MAPFRE Life Insurance Company; Asociación de Compañías de Seguros de Puerto Rico, Inc.; First Medical Health Plan, Inc.; International Medical Card, Inc.; Auxilio Platino, Inc.; Cooperativa de Seguros de Vida de Puerto Rico, and Delta Dental of Puerto Rico, Inc., together file an opposition brief. (Docket No. 314).

justify the relief they seek.  (See Docket Nos. 288; 342.)  Nor do we find any exceptional circumstances to warrant such extraordinary relief. Rather, Plaintiffs advance a commonplace argument that this court made a mistake of law.  (Docket Nos. 288; 342.)  Plaintiffs' main argument seems to be that our Order dismissing Plaintiffs' claims was based on an "erroneous interpretation" of the relevant legal concepts.  (Docket No. 288 at 2.)

In this circuit, "a motion asking 'the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under [Rule] 59(e)'" of the Federal Rules of Civil Procedure.  Cahoon v. Shelton, 647 F.3d 18, 29 (1st Cir. 2011) (quoting In re Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987)).  First Circuit case law "generally offer[s] three grounds for a valid Rule 59(e) motion: An 'intervening change' in the controlling law, a clear legal error, or newly-discovered evidence."[2]  Soto-Padró v. Pub. Bldgs. Auth., No. 10-2413, 2012 U.S. App. LEXIS 5144, at *21 (1st Cir. Mar. 12, 2012) (quoting Morán Vega v. Cruz Burgos, 537 F.3d 14, 18 (1st Cir. 2008)).  The "cases tell us that a party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that could, and should, have been made before judgment issued." Id. (internal quotation marks and citations omitted).  Indeed, the First Circuit has "emphasized that Rule 59(e) 'does not provide a vehicle for a party to undo its own procedural failures, and it

---

[2] The First Circuit has also mentioned prevention of "manifest injustice" as another narrow ground for granting a Rule 59(e) motion. Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" Crawford v. Clarke, 578 F.3d 39, 44 (1st Cir. 2009) (quoting Aybar v. Crispin Reyes, 118 F.3d 10, 16 (1st Cir. 1997)).

Plaintiffs' motion can be broken down into three parts. First, Plaintiffs argue that this court should not have dismissed their claims under Puerto Rico's Act Against Organized Crime and Money Laundering ("OCML"), 25 L.P.R.A. §§ 971–971s (2008). (Docket Nos. 288 at 3–9; 342 at 3–12.) Second, Plaintiffs argue that we should not have dismissed their claims under certain tort and contract provisions of Puerto Rico's Civil Code, 31 L.P.R.A. §§ 3373, 5141, 5142 (2008). (Docket No. 288 at 12–13.) Finally, co-plaintiffs Dr. Aymat, Dr. Chéverez, and Dr. Robles argue that they are not bound by the arbitration clauses in their contracts with Humana. (Docket No. 288 at 13–15.) We reject each argument.

Regarding the OCML, Plaintiffs argue that this court "failed to consider various allegations of illegal activity," and that our ruling was based on an "erroneous and restrictive interpretation" of the legal concepts involved. (Docket No. 288 at 2.) Neither argument is persuasive. We agree with codefendants CGLIF and MetLife that "every authority plaintiffs now cite and every argument they now make could have been made in their original

Civil No. 09-1209 (JAF)                                                                                              -5-

opposition brief."[3] (Docket No. 307 at 3.) Plaintiffs failed to do so. (See Docket No. 236.) This is not the time for Plaintiffs to raise arguments that "could, and should, have been made before judgment issued." Morán Vega, 537 F.3d at 18 n.2 (1st Cir. 2008)).

Plaintiffs' challenges to our dismissal of their tort and contract claims under §§ 3373 and 5141 suffer from the same defect. Again, we agree with codefendants MetLife and CGLIF that every argument Plaintiffs now raise could have been raised previously. (Docket No. 307 at 7–11.) We also reject co-plaintiffs' arguments that they should not be compelled to arbitrate their claims against codefendant Humana. (Docket No. 288 at 13–15.) We have already considered, and rejected, two of the arguments co-plaintiffs present in their current motion.[4] Co-plaintiffs cannot use this motion to "rehash arguments previously rejected" by this court. Soto-Padró, 2012 U.S. App. LEXIS 5144, at *21. Nor are we persuaded by co-plaintiffs' arguments that their claims do not arise out of their dental services provider agreements with Humana. We reiterate that contract claims are the only claims remaining after our earlier Order. (Docket No. 278.)

Having considered all of Plaintiffs' arguments, we find that none meets any of the grounds for relief under Rule 59(e). Soto-Padró, 2012 U.S. App. LEXIS 5144, at *21. Plaintiffs have simply failed to demonstrate a clear legal error, an intervening change in

---

[3] Codefendant Humana makes the same argument. (Docket No. 313 at 7–10.)

[4] Plaintiffs have already argued that their status as class representatives and their conspiracy allegations somehow take their claims out of their arbitration agreements. (See Docket No. 234 at 3–10.)

Civil No. 09-1209 (JAF)                                                                                           -6-

controlling law, or newly-discovered evidence.[5]  Id.  For the foregoing reasons, we hereby **DENY** Plaintiffs' motion requesting relief.  (Docket No. 288.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 2nd day of May, 2012.

>                                                                s/José Antonio Fusté
>                                                                JOSE ANTONIO FUSTE
>                                                                United States District Judge

---

[5] Nor have Plaintiffs persuaded us that relief is necessary to prevent any "manifest injustice."  Allied Home Mortg. Corp., 402 F.3d at 7 n.2 (1st Cir. 2005).