1       UNITED STATES DISTRICT COURT
2         DISTRICT OF PUERTO RICO
3
4

PUERTO RICO COLLEGE OF DENTAL
SURGEONS, on its own and on behalf of
its members, et al.,                              Civil No. 09-1209 (JAF)

        Plaintiffs,

        v.

TRIPLE S MANAGEMENT INC, et al.,

        Defendants.

5
6
7
8                      **O R D E R**
9
10          On March 13, 2013, we issued an opinion and order denying class certification in

11  this case.  (Docket No. 409.)  We ordered the parties to brief the question whether federal

12  jurisdiction is divested following a denial of certification under the Class Action Fairness

13  Act of 2005 ("CAFA"), Pub. L. No. 109-2 (codified in scattered sections of 28 U.S.C.).

14  (Docket No. 409.) We also ordered the parties to propose a reasonable means of

15  concluding this case expeditiously.  (Id.)  The parties have submitted briefs complying

16  with our order.  (Docket Nos. 415; 416; 417; 418.)  We have considered the parties'

17  arguments.  For the following reasons, we find that we retain jurisdiction.  We also

18  provide instructions for the next steps in this case.

1                                           **I.**

2                              **Continued Jurisdiction**

3          Defendants MetLife and CGLIC removed this case to our court, utilizing the

4    expanded grant of diversity jurisdiction created by CAFA.  (Docket No. 1.)  Whether a

5    federal court retains jurisdiction under CAFA following denial of class certification is an

6    open question in the First Circuit.  See College of Dental Surgeons of Puerto Rico v.

7    Conn. Gen. Life Ins. Co., 585 F.3d 33, 42 (1st Cir. 2009) (expressing "no opinion on this

8    question").

9          The Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits have concluded that

10   jurisdiction is not divested upon the denial of class certification. Metz v. Unizan Bank,

11   649 F.3d 492, 500 (6th Cir. 2011); Buetow v. A.L.S. Enterprises, Inc., 650 F.3d 1178 n.2

12   (8th Cir. 2011); Cunningham Charter Corp. v. Learjet, Inc., 592 F.3d 805, 806–07 (7th

13   Cir. 2010); United Steel Int'l Union v. Shell Oil Co., 602 F .3d 1087, 1089 (9th Cir.

14   2010); Vega v. T–Mobile USA, Inc., 564 F.3d 1256, 1268 (11th Cir. 2009)).  District

15   courts in the Second, Fifth, and Tenth Circuits have also held that jurisdiction is not

16   divested when a class is not certified.  In Touch Concepts, Inc. v. Cellco Partnership,

17   No. 1419, 2013 WL 2455923, at *11 (S.D.N.Y. June 4, 2013); Burdette v. Vigindustries

18   Inc., No. 10-1083, 2012 WL 5505095 (D. Kan. Nov. 13, 2012) (retaining jurisdiction

19   under CAFA, predicting that the Tenth Circuit would follow "consistent authority from

20   other circuit courts…"); Louisiana v. AAA Ins., No. 07–5528, 2011 WL 5118859, at *5

21   (E.D. La. Oct. 28, 2011) (stating that "district courts within the Fifth Circuit have

22   consistently held that federal jurisdiction under CAFA is not dependent upon class

1    certification"). We will follow the Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits,

2    and retain jurisdiction despite our denial of class certification.

3                                            **II.**

4                                       **Next Steps**

5    **A.     Standing of the College**

6            Defendant Humana asks us to dismiss the Puerto Rico College of Dental Surgeons

7    ("College") for a lack of standing. For an association to have standing, three things must

8    all be true: (a) the members have standing in their own right; (b) the interests the group

9    seeks to protect are "germane to the organization's purpose"; and (c) "neither the claim

10   asserted nor the relief requested requires the participation of individual members in the

11   lawsuit." Hunt v. Washington State Apple Commission, 432 U.S. 333, 343 (1977); see

12   also Watchtower Bible and Tract Society of New York Inc. v. Sagardia De Jesus, 634

13   F.3d 3, 8-9 (1st Cir. 2011).

14          Here, only the third Hunt factor is at issue – whether the claim or the relief requires

15   participation of individual members. As of 2011, the surviving claims are all contracts

16   claims, regarding specific non-payments and delayed payments or, as we put it, "potential

17   money due and owing." (Docket No. 278 at 10, 17.) This is problematic for associational

18   standing. Courts have found standing where the association seeks injunctive relief, but

19   suggested that an association's suit for damages would be barred. See Warth v. Seldin,

20   422 U.S. 490 (1975). The plaintiffs here do request a general injunction against all illegal

21   practices by defendants, but do not allege a specific systemic policy violation. (Docket

22   No. 169 at 37.)

Civil No. 09-1209 (JAF)                                                        -4-

1    Even if this injunctive claim sufficed, the association would still lack standing on

2    behalf of its members when the injury "is peculiar to the individual member concerned,

3    and both the fact and extent of injury would require individualized proof."  Warth v.

4    Seldin, 422 U.S. 490 (1975).  Plaintiff's summary of claims includes one-hundred forty-

5    five claims for late payment; one-hundred twenty-four "dilatory and expensive

6    processes;" one-hundred twenty-two delays in processing payments; one-hundred thirteen

7    denials of payments for insured patients; and other various claims.  (Docket No. 383-1).

8    These would require the "fact-intensive-individual inquiry" which courts have avoided in

9    determining whether an association has standing.  Pharmaceutical Car Management

10   Ass'n v. Rowe, 429 F.3d 294, 314 (1st Cir. 2005) (quoting Pennsylvania Psychiatric

11   Society v. Green Spring Health Services, Inc., 280 F. 3d 278, 286-87 (3$^{d}$ Cir. 2002)).

12   We, therefore, dismiss the College for lack of associational standing, leaving only the

13   individual dentists as plaintiffs.

14   **B.    <u>Description of Claims</u>**

15   In compliance with our order issued on March 13, 2013, (Docket No. 409), the

16   parties have advanced proposals to conclude this case expeditiously.  Plaintiffs have

17   requested leave from the court to amend their complaint pursuant to Rule 15(a)(2) of the

18   Federal Rules of Civil Procedure, to "cure deficiencies pertaining to the class action and

19   breach of contract claims."  Plaintiffs also requested further discovery. (Docket No. 415

20   at 12.)  Defendants have suggested that we order Plaintiffs to provide specific details

21   about their remaining claims.  (Docket Nos. 416, 417, 418.)  Humana requests that we

22   schedule a settlement conference.  (Docket No. 417.)

1     We grant Plaintiffs leave to amend their complaint.  Plaintiffs are instructed to

2     submit a statement that specifically describes the claims that each of the nine individual

3     dentists has against each of the defendants.  The "Summary of Claims" ("Summary")

4     attached to Plaintiffs' Memorandum in Support of Class Certification is not sufficient.

5     (Docket Nos. 383, 383-1.)  We will adopt the approach proposed by codefendants Triple-

6     S[1] in their motion, see Docket No. 416 at 5-6.

7     We hereby order as follows:  Plaintiffs are granted leave to amend their complaint

8     to address mediation or settlement negotiations and to cure deficiencies pertaining to the

9     breach-of-contract claims.  The recommended mediator is Daniel E. Wathen, Esq., retired

10    Chief Justice of the Maine Supreme Judicial Court.  Along with their amended complaint,

11    each individual dentist should include a statement that details the following:  (1) which

12    defendant(s)/insurer(s) the plaintiff is claiming against; (2) succinctly, the contractual

13    basis of each claim against each defendant; (3) which contract(s) each plaintiff is

14    claiming under; and (4) the date of each alleged breach or the date that the claim accrued.

15    (Id.)  We will use the information Plaintiffs provide to determine whether and to what

16    extent discovery is warranted; to facilitate settlement; and to evaluate which defendants

17    may be dismissed from the action.  Plaintiffs shall file these documents—1) their

18    amended complaint, and 2) the statements specifying the claims of each individual

19    dentist, by **September 23, 2013**.  A settlement conference will be held promptly

20    thereafter if the parties certify that they are willing and able to give settlement a try prior

---

[1] As we have done in previous orders in this case, we refer to "Triple-S." (See Docket No. 409 at 1 n.1.)  In fact, the parties that appear on the brief, (Docket No. 417), are Triple-S, Inc.; Triple-C, Inc.; and Triple-S Management, Inc.; American Health, Inc.; Cruz Azul de PR, Inc.; MCS Advantage, Inc.; MCS Management Options, Inc.; MCS; and Delta.  (Docket No. 416.)

Civil No. 09-1209 (JAF)                                                                    -6-

1  to mediation.  No additional discovery is authorized at this time unless by agreement and

2  without disturbing court settings.

3     **IT IS SO ORDERED.**

4     San Juan, Puerto Rico, this 6th day of September, 2013.

5                                                    S/José Antonio Fusté
6                                                    JOSE ANTONIO FUSTE
7                                                    U. S. DISTRICT JUDGE