UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| DR. THOMAS MANUEL MEDINA, DR. ISABEL M. DEL VALLE, DR. NORMA MARTÍNEZ, DR. VALMIN MIRANDA,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA DENTAL PLAN OF PUERTO RICO, INC., HUMANA HEALTH PLANS OF PUERTO RICO, INC., HUMANA INSURANCE OF PUERTO RICO, INC., MEDICAL CARD SYSTEM, INC., MCS HEALTH MANAGEMENT OPTIONS, INC., MCS ADVANTAGE, INC., METROPOLITAN LIFE INSURANCE COMPANY (METLIFE), A, B, AND C INSURANCE COMPANIES,<br><br>Defendants. | Civil No. 09-1209 (JAF) |

## **OPINION AND ORDER**

The players in this case have changed over roughly five years of litigation. Currently, four dentists are suing multiple insurance companies for breach of contract. (Docket No. 454.) The remaining plaintiffs are Dr. Thomas Manuel Medina ("Medina"), Dr. Isabel M. Del Valle ("Del Valle"), Dr. Norma Martínez ("Martínez"), and Dr. Valmin Miranda ("Miranda") (collectively "Plaintiffs"). The remaining defendants are Delta Dental Plan of Puerto Rico, Inc. ("Delta"), Humana Health Plans of Puerto Rico, Inc., Humana Insurance of Puerto Rico, Inc. (collectively "Humana"), Medical Card System, Inc., MCS Health Management Options, Inc., MCS Advantage, Inc. (collectively "MCS"), Metropolitan Life Insurance Company ("MetLife"), and A, B, and C Insurance Companies (in total, "Defendants"). Humana moved to dismiss the second amended complaint. (Docket No. 482.) For the reasons stated below, we deny the motion to dismiss.

# I.

## **Procedural History**

We received this case on March 3, 2009, and its early history is well documented in our previous orders. On September 6, 2013, we granted Plaintiffs leave to amend their complaint. We ordered that each individual dentist should include a statement that details the following: (1) which defendant(s)/ insurer(s) the plaintiff is claiming against; (2) succinctly, the contractual basis of each claim against each defendant; (3) which contract(s) each plaintiff is claiming under; and (4) the date of each alleged breach or the date that the claim accrued. (Docket No. 421.) Since then, numerous parties have been voluntarily dismissed. (Docket Nos. 506, 510, 517.) On January 31, 2014, Humana filed a motion to dismiss the second amended complaint for failure to state a claim. (Docket No. 482.) Del Valle responded in opposition to the motion to dismiss. (Docket No. 492.) Humana replied on February 20, 2014. (Docket No. 505.)

# II.

## **Legal Analysis**

A plaintiff's complaint will survive a motion to dismiss if it alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff. Rodriguez-Ramos v. Hernández-Gregorat, 685 F.3d 34, 39-40 (1st Cir. 2010) (citation omitted). Therefore, to the

extent that any facts are disputed, the facts set forth below represent Plaintiffs' version of the events at issue.

**A.    The Contracts**

The contracts at issue all contained similar terms. Each dental service provider contract stated that the named insurance company would pay the named dentist for services and/or procedures performed, so long as the services or procedures were covered by the patient's plan; the services or procedures were available at the time they were rendered; and the dentist filed a claim that included certain required information (a "clean claim"). Each insurance company agreed that upon receipt of a "clean claim" it would pay the dentist according to its previously-prepared fee schedule. (Docket No. 454.)

Medina signed a contract with Triple S on or around the year 1993. (Docket No. 454 at 9.) Del Valle signed a contract with Delta on or around the year 1991; with Humana on or around the year 2000; with MCS on or around the year 1991 with a renewal on April 10, 2004; and with MetLife on or around the year 1991. (Docket No. 454 at 13, 16, 18, 21.) Martínez signed a contract with Delta on or around the year 1988; with MCS on or around the year 1998; and with MetLife on or around the year 2001. (Docket No. 454 at 24, 27, 29-30.) Miranda signed a contract with MCS on or around the year 2000. (Docket No. 454 at 32.)

B.   **The Breach**

The insurance companies allegedly failed to honor their previously-prepared fee schedule. They paid for less expensive procedures than those which were actually provided, and combined two procedures into one to reduce payments.

Since on or around 1998, when receiving a claim for two one-surface posterior restorations, Triple S either paid for only one one-surface restoration, or for one two-surface posterior restoration, both of which resulted in lower payments to Medina. (Docket No. 454 at 10.)

When receiving a claim for a Panoramic Film and Bitewings-Two Film procedure, Delta, Humana, MCS, and MetLife instead paid for a less-expensive Intraoral-Complete Series procedure. (Docket No. 454.) This affected Del Valle, Martínez, and Miranda in the specific time frames stated in their second amended complaint. (Docket No. 454.)

C.   **The Damages**

Triple S allegedly underpaid Medina $10,000 by denying one restoration per pair of restorations. Triple S allegedly underpaid Medina $13,600 by substituting one two-surface restoration for two one-surface restorations. (Docket No. 454 at 12.)

Del Valle was allegedly underpaid $6,112 by Delta; $123 by Humana; between $984 and $1,476 by MCS; and between $560 and $1,680 by MetLife. Martínez was allegedly underpaid $12,000 by Delta; $21,600 by MCS; and $2,880 by MetLife. Miranda was allegedly underpaid $693 by MCS. (Docket No. 454.)

We find that Plaintiffs have alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Fed. R. Civ. P. 12(b)(6); Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 570). In their second amended complaint,

Plaintiffs provide more than mere "[c]onclusory statements that [the companies] filed to meet their contractual requirement." Contra Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996).

## III.

## Conclusion

For the foregoing reasons, Humana's motion to dismiss (Docket No. 482) is **DENIED**.

## IV.

## Scheduling

This case is a 2009 filing and needs prompt resolution. We have examined the docket and some discovery may still take place until **April 15, 2014**. No additional discovery will be allowed because this case is one of strict contract interpretation to determine if a particular dental procedure was properly paid by insurance under the contract.

The case can still be considered under a Fed. R. Civ. P. 56 standard if the motions are duly backed up as allowed by the Rule. Therefore, the parties are ordered to file cross-motions for summary judgment **before the end of April 2014**. Any response to such cross-motions must be filed by **May 19, 2014**. Matter will stand submitted then. Depending upon the results of our decision, we will promptly schedule the case for pretrial and trial if necessary.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 7th day of April, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE